RATTET, PASTERNAK & GORDON-OLIVER, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

Jonathan S. Pasternak
Dawn K. Arnold
Julie A. Cvek

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 09-14557 (ALG) |
| ROCK 49TH REST. CORP. | |
| d/b/a City Lobster & Steak, | |
|                 Debtor. | |
| Tax I.D. No. 13-3972761 | |

-------------------------------------------------------------X

**AFFIDAVIT OF JONATHAN S. PASTERNAK IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN RATTET, PASTERNAK & GORDON-OLIVER, LLP AS ATTORNEYS FOR THE DEBTORS, NUNC PRO TUNC, AS OF THE FILING DATE**

STATE OF NEW YORK        )
                                         ) SS.:
COUNTY OF WESTCHESTER  )

      JONATHAN S. PASTERNAK, ESQ., being duly sworn, deposes and says:

      1.      I am an attorney duly admitted to practice before this Court and a member of the firm Rattet, Pasternak & Gordon-Oliver, LLP ("RPGO"), 550 Mamaroneck Avenue, Harrison, New York 10528.

      2.      I submit this Affidavit in support of the Debtors' Application to Employ and Retain RPGO as Attorneys for the Debtors in connection with the above-captioned Chapter 11 cases on the terms set forth in the accompanying Application.

3. Neither I, nor RPGO or any attorney at RPGO has any connection with the Debtors, its creditors, or any other party in interest herein or their respective attorneys except as described below. Furthermore, neither I nor RPGO or any attorney at RPGO is a pre-petition creditor of the Debtors.

4. Based upon all of the foregoing, I respectfully submit that RPGO does not hold nor represent any interest adverse to the Debtors herein or its estates, in the matters upon which they are to be engaged.

5. RPGO shall make proper application to the Court for compensation for the services rendered to the Debtors in this proceeding pursuant to §330 of the Bankruptcy Code and pursuant to the procedures established by the Order pursuant to 11 U.S.C. Sections 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals as may be further entered by this Court.

## Disinterestedness

6. To the best of my knowledge, the law firm of Rattet, Pasternak & Gordon-Oliver, LLP is a disinterested person within the meaning of §101(14) of the Bankruptcy Code in that its members and associates (a) are not creditors, equity security holders or insiders of the Debtors, (b) are not and were not within two years before the Filing Date a director, officer or employee of the Debtors, (c) do not have an interest materially adverse to the interest of the estates, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

## Disclosure Procedures

7. In preparing this affidavit, I searched the following categories:

    a. Debtor

      b.      Significant equity holders

      c.      Current directors and officers

      d.      Lenders and secured creditors

      e.      Counterparties to leases

      f.      Professionals

      g.      Unsecured Creditors

10. Upon review of the list, it is apparent that RPGO does not hold or represent any interest that is adverse to the Debtors' estates and RPGO is a disinterested person.

11. RPGO is not aware of any past or present relationship that would disqualify RPGO from representing the Debtors.

## **Billing Rates**

12. This firm's billing rates are as follows:

| | |
|---|---|
| Partners | $450 to $625 |
| Counsel | $425 to $475 |
| Associates | $325 to $450 |
| Paraprofessionals | $150 |

13. RPGO received a pre-petition retainer from Andrew Silverman, president of the Debtor, on account of legal services rendered and to be rendered, and on account of costs and expenses, in the amount $26,600. None of the pre-petition retainer was paid towards or on account of any antecedent debt owed to the Deponent's firm by the Debtors within the 11 U.S.C.A. §547 period. Furthermore, no payments other than the pre-petition retainer were received by Deponent's firm within the 11 U.S.C.A. §547 period. Accordingly, Deponent submits that the pre-petition retainer received by Deponent's firm is not a preferential or otherwise avoidable payment and that neither Deponent nor Deponent's firm holds nor represents any

adverse interest to the Debtors or its estates on matters in which Deponent seeks to be retained.

14. An affidavit of Mr. Andrew Silverman with respect to said third party retainer is annexed hereto.

15. This retainer shall be applied towards Chapter 11 fees and expenses, and is therefore not to be considered an "evergreen retainer" as such term is more commonly known.

**WHEREFORE**, your Deponent respectfully requests the entry of the pre-fixed order, together with such other and further relief as is proper.

*/s/ Jonathan S. Pasternak*
JONATHAN S. PASTERNAK

Sworn to before me this
21st day of July, 2009

*/s/ James Glucksman*
Notary Public