RATTET, PASTERNAK & GORDON-OLIVER, LLP
Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400
Robert L. Rattet
Dawn K. Arnold

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Chapter 11
                                                                    Case No. 09-14557 (ALG)
ROCK 49TH REST. CORP.
d/b/a City Lobster & Steak,

                             Debtor.
------------------------------------------------------------X

**INTERIM ORDER (I) APPROVING DEBTOR-IN-POSSESSION LOAN AGREEMENT; (II) AUTHORIZING THE DEBTOR TO OBTAIN CREDIT FROM ANDREW SILVERMAN PURSUANT TO SECTION 364(b) OF THE BANKRUPTCY CODE; AND (III) SCHEDULING A FINAL HEARING THEREON**

      **UPON** the motion (the "Motion") of the above-captioned debtor and debtor-in-possession (the "Debtor"), by its attorneys, Rattet, Pasternak & Gordon-Oliver, LLP, pursuant to Bankruptcy Rule 4001(c) and § 364(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code") seeking an Order (i) approving the DIP Loan Agreement (as defined in the Motion); (ii) permitting the Debtor to borrow up to $100,000 (limited to $50,000 upon entry of an Interim Order and thereafter upon such terms as set forth in the DIP Loan Agreement) from Andrew Silverman (the "Lender") in accordance with the DIP Loan Agreement annexed to the Motion (the "Loan Agreement"); (ii) granting Lender a simple administrative expense claim pursuant to §364(b) of the Bankruptcy Code in consideration of and to the extent of the advances actually made under the DIP Loan Agreement; (iii) granting interim relief; and (iv) scheduling a

final hearing thereon; and the Court having considered the Motion; and due and proper notice of the Motion having been given; and a hearing to consider, among other things, the Borrower's request for authorization to borrow up to $50,000 on an interim basis (the "Interim Borrowings") upon entry of this Interim Order in accordance with the terms of the DIP Loan Agreement and the terms of the Approved Budget[1], having been held and concluded on November 20, 2009 (the "Interim Hearing"); and upon all of the pleadings filed with the Court and all of the proceedings held before the Court; and after due deliberation and consideration and good and sufficient cause appearing therefor,

      A.      On July 21, 2009 (the "<u>Petition Date</u>"), the Debtor filed in this Court its voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No Trustee or examiner has been appointed in this proceeding. On August 7, 2009, a Creditors' Committee was appointed consisting of (i) the Landlord; (ii) Buckhead Beef, and (iii) Manhattan Fruit Exchange.

      B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 105, 361, 362 and 364 of the Bankruptcy Code and Bankruptcy Rules 4001(b) and (c). Venue of the Debtor's chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] A copy of the Budget is annexed hereto as Exhibit A.

C. The Debtor has an immediate and critical need for access to funds in order to continue the operation of its business. Without such funds, the Debtor will not be able to fund the continued operation of the Debtor's business in a manner that will avoid irreparable harm to the Debtor's estate. At this time, the ability of the Debtor to finance its operations and the availability to it of sufficient working capital and liquidity through the immediate use of borrowings under the DIP Loan Agreement are vital to its ability to remain current in its post-petition rent obligations, the confidence of the Debtor's vendors and suppliers of other goods and services, to their customers and employees and to the preservation and maintenance of the going concern value of the Debtor's estate.

D. Notice of the Interim Hearing on the Motion and this Order has been provided by overnight mail to: (i) the Debtor's secured creditor, Capital One, N.A.; (ii) the members of the official committee of unsecured creditors; and (iii) parties who filed notices of appearance and/or demand for notices in this case. In view of the urgency of the relief requested, such notice constitutes sufficient notice under Bankruptcy Rule 4001 and no other notice need be given.

E. Good and sufficient cause has been shown for an entry of this Order. Among other things, entry of this Order will minimize disruption of the Debtor's business and operations pending the Final Hearing. The financing and adequate protection arrangements authorized hereunder are vital to avoid immediate and irreparable harm to the Debtor's estate. Consummation of such financing arrangements therefore are in the best interests of the Debtor's estate.

F. The financing and adequate protection arrangements authorized hereunder have been negotiated in good faith and at arm's length between the Debtor and the Lender and the terms of such financing and adequate protection arrangements are fair and reasonable under the circumstances, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties and are supported by reasonably equivalent value and fair consideration.

G. The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2). The permission granted herein to enter into the DIP Loan Agreement for the limited purpose of obtaining the Interim Borrowings thereunder and use of cash collateral is necessary to avoid immediate and irreparable harm to the Debtor pending the Final Hearing. Entry of this Order is in the best interests of the Debtor and its estate and creditors as it implementation will, among other things, allow for continued operation and rehabilitation of the Debtor's existing business.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. As they relate to the Interim Borrowings, the DIP Loan Agreement constitutes a valid and binding obligations of the Debtor, enforceable against the Debtor in accordance with its terms and the Debtor is hereby authorized to enter into the DIP Loan Documents in substantially the form annexed to the Motion (as amended to include a default provision) for the limited purpose of obtaining the Interim Borrowings thereunder, and performing its obligations in accordance with, and subject to, the terms of this Order and other DIP Loan Agreement, including, without limitation, the applicable Approved Budget.

2. Subject to the terms and conditions of this Order and the DIP Loan Documents, the Debtor is authorized to borrow, on an interim basis pending the Final Hearing, up to $50,000 pursuant to the terms and provisions of this Order, the DIP Loan Agreement and other DIP Loan Documents, including, without limitation, the Approved Budget.

3. The Lender is hereby granted, on an interim basis, an administrative expense claim, up to the sum of $50,000, to the extent of advances actually made pursuant to the Loan Agreement, in accordance with §364(b) of the Bankruptcy Code.

4. The administrative expense claim granted to the Lender shall be subject to the United States Trustee Fees pursuant to 28 U.S.C. Section 1930, Chapter 11 professional fees as may be allowed by the Court pursuant to 11 U.S.C. §§330 or 331 and the fees of a hypothetical chapter 7 trustee (in an amount not to exceed $10,000).

5. The Lender acknowledges its administrative claim is subject to the Cash Collateral, Pre-Petition Obligations,

Replacement Liens, or Pre-Petition Liens of secured creditor Capital One, N.A. granted on a final basis pursuant to this Court's order dated October 2, 2009.

6. The Debtor may obtain the Interim Borrowings solely as provided in the DIP Loan Agreement, this Order and as set forth in the Approved Budget.

7. Notwithstanding anything to the contrary in this Order, the obligations under the DIP Loan Agreement shall been deemed accelerated and become due and payable upon the fifth (5th) business day following the delivery of written notice to the Debtor, its Bankruptcy Counsel, any official committee of unsecured creditors, and the Office of the United States Trustee of any breach or default by the Debtor of the terms and provision of this Order or the Loan Agreement, unless the Debtor shall have cured such breach or default within such five (5) business day period.

8. The Final Hearing shall be held on January 20, 2009 at 10:00 a.m. (New York local time), in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 617, New York, New York 10004-1408, before the Honorable Allan L. Gropper, and notice of the Final Hearing, which shall be provided as set forth in the Motion, constitutes sufficient notice under Bankruptcy Rule 4001 and no other notice need be given.

9. Based upon the record presented to the Court, this Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

10. To the extent of any inconsistency between the terms of this Order and the DIP Loan Agreement, the terms and provisions of this Order shall govern.

Dated: New York, New York
       November 20, 2009

                                              */s/ Allan L. Gropper*
                                          HONORABLE ALLAN L. GROPPER
                                          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## Budget

Payable to "1251 Americas Associates II, L.P."

| | |
|---|---|
| October electric charge | $6,245.68 |
| November base rent | $37,212.96 |
| November electric charge | $6,357.07 |
| November Storage | $105 |
| **TOTAL** | **$49,920.71** |